UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-14218-CV-ROSENBERG
MAGISTRATE JUDGE REID

TAQUANTE AKEEM JOHNSON,

    Petitioner,

v.

STATE OF FLORIDA, *et al.*,

    Defendant.

                              /

## **REPORT OF MAGISTRATE JUDGE**

### I.   Introduction

Petitioner has filed a Habeas Corpus Petition pursuant to 28 U.S.C. § 2241. [ECF No. 1]. This case has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636 and S.D. Fla. Admin. Order 2019-2. [ECF No. 2]. As discussed below, the case should be dismissed pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

Petitioner is presently facing criminal charges in the Nineteenth Judicial Circuit in and for Martin County. [ECF No. 1 at 2]. Petitioner is presently in custody and alleges he is being denied reasonable bail. [*Id*. at 5].

## II. Analysis

Under *Younger*, the Supreme Court established that, absent extraordinary circumstances, federal courts must abstain from adjudicating a claim where doing so would interfere with a state's pending criminal prosecution. *See New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 364 (1989) (hereinafter "NOPSI"). "Federal courts have consistently recognized this limitation on enjoining state criminal prosecutions unless one of a few narrow exceptions is met." *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263 (11th Cir. 2004). The exceptions to the abstention doctrine are: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur[1], or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Id.* at 1263 n.6 (citing *Younger*, 401 U.S. at 45, 53–54).

Here, there is no dispute that there is a criminal case against Petitioner pending in Martin County. Furthermore, Petitioner does not allege, and the record does not reflect, that one of the *Younger* exceptions is present. Additionally, even if one could read his Petition to fairly allege that one or more of these exceptions is present, his

---

[1] "Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term." *Younger*, 401 U.S. at 46.

2

allegations still are not sufficiently "substantial" to warrant relief. *See Hudson v. Hubbard*, 358 F. App'x 116, 118 (11th Cir. 2009) (*per curiam*) (quoting *Younger*, 401 U.S. at 48). In short, the relief Petitioner requests "would create an 'undue interference with state proceedings.'" *Wexler v. Lepore*, 385 F.3d 1336, 1339 (11th Cir. 2004) (quoting *NOPSI*, 491 U.S. at 359). Accordingly, the Court should abstain from adjudicating this Petition.

Even if the Court were to consider the merits of the Petition, Petitioner has not shown that he is entitled to federal habeas relief. "The Eighth Amendment to the Constitution, applicable to the States through the Due Process Clause of the Fourteenth Amendment, ... provides that '[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.'" *Campbell v. Johnson*, 586 F.3d 835, 842 (11th Cir.2009) (quoting *Baze v. Rees*, 553 U.S. 35, (2008)).

"Although the Excessive Bail Clause does not guarantee a right to bail, it does guarantee that any bail imposed 'not be 'excessive' in light of the perceived evil.'" *Id*. (quoting *United States v. Salerno*, 481 U.S. 739, 754 (1987)). "[T]he only issue to be resolved by a federal court presented with a habeas corpus petition that complains of excessive bail is whether the state judge has acted arbitrarily in setting that bail." *Simon v. Woodson*, 454 F.2d 161, 165 (5th Cir.1972). Petitioner does not

3

allege that the state judge acted arbitrarily, he merely argues that he cannot afford the bail that was set. In fact the state judge reconsidered the initial bail amount and reduced it upon Petitioner's motion. [ECF No. 1-1 at 2]. "The mere fact that petitioner may not have been able to pay the bail does not make it excessive." *White v. Wilson*, 399 F.2d 596, 598 (9th Cir. 1968).

To the extent that Petitioner argues that his bail violates Florida law and the Florida Constitution, this claim is not cognizable on federal habeas review because the ground asserts no violation of a federal constitutional right. *See Wainwright v. Goode*, 464 U.S. 78 (1983) ("[F]ederal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension."); *see also Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). A violation of a state rule of procedure, or of state law itself, is not a violation of the federal constitution. *See Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir.1982); *see also Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989).

### III. Conclusion

For these reasons, it is **RECOMMENDED** that this case be **DISMISSED** without prejudice pursuant to the *Younger* abstention doctrine and this case be **CLOSED** by the Clerk of Court.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar petitioner from a *de novo* determination by the District Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

**SIGNED** this 13th day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc: **Taquante Akeem Johnson**
0321097
Palm Beach County Jail
Inmate Mail/Parcels
Post Office Box 24716
West Palm Beach, FL 33416
*PRO SE*